UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA LUNGER,<br><br>   Plaintiff,<br><br>  v.<br><br>HILLARD WITT, et al.,<br><br>   Defendants. | No. 2:15-cv-00486-MCE-DAD<br><br><br>**MEMORANDUM AND ORDER** |

In her First Amended Complaint ("FAC"), Plaintiff Lisa Lunger ("Plaintiff") alleges several causes of action against her former employer, Defendant Best Sanitizers, Inc. ("Best Sanitizers"), and Defendants Hillard Witt and Pattie Prentice (collectively, "Defendants").  Pending before the Court is Defendants' Motion to Dismiss (ECF No. 13), which seeks the dismissal of four of Plaintiff's claims.  For the reasons that follow, Defendants' Motion is GRANTED in part and DENIED in part.[1]

///
///
///
///

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs.  See E.D. Cal. Local R. 230(g).

1

# BACKGROUND[2]

Plaintiff worked as a bookkeeper for Best Sanitizers from April 2012 to March 2014. On some unspecified date in 2013, she discovered that an officer in a Best Sanitizers facility in Kentucky was engaging in self-dealing and selling a competing product. Plaintiff also discovered that Best Sanitizers was engaging in accounting irregularities; specifically, officers were allegedly defrauding investors by manipulating the business's inventory, income, and expenses to reflect an artificial decrease in revenue.

In September 2013, Plaintiff reported her discovery to her superiors. "Immediately, her superiors began a harassment campaign against her. Her work load increased dramatically. Until this time, [Plaintiff] had not received any negative performance reviews or evaluations. Now, she received constant criticism." FAC at 5. According to Plaintiff, the harassment led to physical symptoms that necessitated a leave of absence. When Plaintiff returned from her leave of absence, the harassment continued until she was terminated from employment on March 19, 2014.

Plaintiff alleges the following eleven causes of action: (1) failure to pay overtime, (2) violation of California Labor Code section 226, (3) failure to pay for rest periods not provided, (4) failure to pay for meal periods not provided, (5) waiting time penalties, (6) violations of the Fair Labor Standards Act, 29 U.S.C. § 207 et seq., (7) wrongful termination in violation of public policy, (8) retaliation in violation of public policy, (9) harassment, (10) negligent infliction of emotional distress, and (11) unfair competition. Defendants' move to dismiss the eighth through eleventh causes of action under Federal Rule of Civil Procedure[3] 12(b)(6). Alternatively, they seek a more definitive statement under Rule 12(e).

///

---

[2] The following statement of facts is based on the allegations in Plaintiff's FAC (ECF No. 10).

[3] All subsequent references to "Rule" are to the Federal Rules of Civil Procedure.

# STANDARDS

### A. Motion to Dismiss under Rule 12(b)(6)

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted).  A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94, 95).  A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570.  If the "plaintiffs . . . have not nudged their

1 claims across the line from conceivable to plausible, their complaint must be dismissed."
2 Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge
3 that actual proof of those facts is improbable, and 'that a recovery is very remote and
4 unlikely.'"  Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

       A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend).  Not all of these factors merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment."  Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

       **B.  Motion for a More Definite Statement Under Rule 12(e)**

       A motion for more definite statement pursuant to Rule 12(e) attacks "the unintelligibility of the complaint, not simply the mere lack of detail . . . ."  Neveau v. City of Fresno, 392 F. Supp. 2d 1159, 1169 (E.D. Cal. 2005).  Courts will deny a Rule 12(e) motion if the complaint is specific enough to give notice to the defendants of the substance of the claim asserted.  Id.  A Rule 12(e) motion should be granted only if the complaint is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself."  Cellars v. Pac. Coast Packaging, Inc., 189 F.R.D. 575, 578 (N.D. Cal. 1999); see also Bautista v. L.A. Cnty.,

216 F.3d 837, 843 n.1 (9th Cir. 2000) (Reinhardt, J., concurring) (explaining that a party may move for a more definite statement on those rare occasions in which the complaint is so vague or ambiguous that a party cannot reasonably frame a responsive pleading).

"Rule 12(e) is designed to strike an unintelligibility rather than want of detail . . . . A motion for a more definite statement should not be used to test an opponent's case by requiring him to allege certain facts or retreat from his allegations." Neveu, 392 F. Supp. 2d at 1169 (quoting Palm Springs Med. Clinic, Inc. v. Desert Hosp., 628 F. Supp. 454, 464-65 (C.D. Cal. 1986). If the facts sought by a motion for a more definite statement are obtainable by discovery, the motion should be denied. See McHenry v. Renne, 84 F.3d 1172, 1176 (9th Cir. 1996); Neveau, 392 F. Supp. 2d at 1169-70; Sagan v. Apple Computer, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994). "This liberal standard of pleading is consistent with [Rule] 8(a)(2) which allows pleadings that contain a 'short and plain statement of the claim.' Both rules assume that the parties will familiarize themselves with the claims and ultimate facts through the discovery process." Neveu, 392 F. Supp. 2d at 1169 (citing Sagan, 874 F. Supp. at 1077 ("Motions for a more definite statement are viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules.")).

## ANALYSIS

Defendants seek dismissal of the eighth, ninth, tenth, and eleventh causes of action in the FAC. The Court will address each of these causes of action in turn.

**A. Eighth Cause of Action: Retaliation in Violation of Public Policy**

Defendants argue that the Court should dismiss the eighth cause of action because (1) the FAC fails to state a claim for retaliation under the California Fair Employment and Housing Act ("FEHA")[4], and (2) the retaliation claim is duplicative of Plaintiff's wrongful termination claim. Neither of Defendants' arguments is persuasive.

---
[4] See Cal. Gov't Code §§ 12900-12996.

Defendants' first argument is that the FAC fails to state a claim for retaliation under the FEHA because FEHA does not protect whistleblowers.  In her Opposition to Defendants' Motion (ECF No. 15), Plaintiff counters that her retaliation claim is based on California Labor Code section 1102.5, not FEHA.

Plaintiff has adequately pled a whistleblower retaliation claim under section 1102.5(b), which provides:

> An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

Plaintiff contends that Defendants harassed her and ultimately terminated her employment because she disclosed to her superiors (1) that an officer in a Best Sanitizer facility in Kentucky was engaging in self-dealing and selling a competing product and (2) that Best Sanitizer was engaging in accounting irregularities to defraud investors. Such allegations are sufficient to state a claim under California Labor Code section 1102.5(b).

Defendants' second argument is that the Court should dismiss the retaliation claim because it is duplicative of Plaintiff's wrongful termination claim.  But Plaintiff may allege both a retaliation claim and a wrongful termination claim, as the Federal Rules of Civil Procedure permit alternative statements of a claim.  See Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones.").  Furthermore, the Ninth Circuit recently made clear that a district court should not dismiss a claim on the grounds that the claim is duplicative of other claims.  See Astiana v. Hain Celestial

Grp., Inc., 783 F.3d 753, 762 (9th Cir. 2015) ("To the extent the district court concluded that the cause of action was nonsensical because it was duplicative of or superfluous to Astiana's other claims, this is not grounds for dismissal."). Plaintiff may proceed on both her retaliation claim and her claim for wrongful termination. Accordingly, Defendants' Motion is DENIED as to the eighth cause of action.

### B. Ninth Cause of Action: Harassment

Plaintiff's ninth cause of action is a harassment claim. Defendants argue that the Court should dismiss this claim because (1) FEHA does not protect harassment based on one's status as a whistleblower, and (2) Plaintiff has not pled sufficient facts to adequately state a claim for harassment. Neither of Defendants' argument is persuasive.

Plaintiff does not base her harassment claim on FEHA. Although Plaintiff does not identify the source of her harassment claim, the California Supreme Court has recognized claims of "whistle-blower harassment." See Turner v. Anheuser-Busch, Inc., 7 Cal.4th 1238, 1258 (1994) (in bank); Murray v. Alaska Airlines, Inc., 50 Cal. 4th 860, 868 n.4 (2010). One federal district court has suggested that a claim for "whistle-blower harassment" is identical to a claim for wrongful termination in violation of public policy. Walker v. Boeing Corp., 218 F. Supp. 2d 1177, 1186-87 (C.D. Cal. 2002). That conclusion is consistent with Turner, in which the California Supreme Court defined whistle-blower harassment as "a contention that [the plaintiff] was harassed and ultimately forced to quit because he reported . . . an alleged violation of a statute of public importance." 7 Cal.4th at 1238 (internal quotation marks omitted). Although Defendants contend that Plaintiff has inadequately pled a harassment claim under FEHA, Defendants do not challenge the adequacy of Plaintiff's wrongful termination in violation of public policy. Because a whistle-blower harassment claim is identical to a wrongful termination claim, and because Defendants have not contested Plaintiff's pleading of a wrongful termination claim, dismissal of the ninth cause of action is not warranted. Defendants' Motion is DENIED as to Plaintiff's harassment claim as well.

### C. Tenth Cause of Action: Negligent Infliction of Emotional Distress (NIED)

Defendants seek dismissal of Plaintiff's NIED claim on the grounds that the California workers' compensation scheme preempts NIED claims based on injuries arising out of and in the course of employment. Defendant's argument, which is unopposed, is well taken.[5] See Cal. Lab. Code § 3602; Miklosy v. Regents of the Univ. of Cal., 44 Cal. 4th 876, 902-03 (2008). Accordingly, Defendants' Motion is GRANTED to the extent that it seeks dismissal of Plaintiff's NIED claim, and Plaintiff's tenth cause of action is DISMISSED with prejudice.

### D. Eleventh Cause of Action: Unfair Competition

Plaintiff's eleventh cause of action is an unfair competition claim under California Business and Professions Code section 17200 et seq. ("UCL") directed at all Defendants. FAC at 13. Defendants seek dismissal of this claim only as to Defendant Witt and Defendant Prentice. Defendants' argument is both unopposed and supported by the case law. See Bradstreet v. Wong, 161 Cal. App. 4th 1440, 1458 (2008), abrogated on other grounds by Martinez v. Combs, 49 Cal. 4th 35 (2010) ("[A]n owner or officer of a corporation may be individually liable under the UCL if he or she actively and directly participates in the unfair business practice."). The only information provided about Defendants Witt and Prentice in the FAC is that they are residents of Nevada County. FAC at 2. There is no allegation that they are owners or officers of Best Sanitizers, or that they actively and directly participated in the alleged unfair business practices. Accordingly, Defendants' Motion is GRANTED to the extent that it seeks dismissal of Defendants Witt and Prentice from the UCL claim, and the UCL claims against those Defendants is DISMISSED without prejudice.

### E. Motion for a More Definite Statement

As explained above, although Plaintiff's NIED claim and her UCL claim against Defendants Witt and Prentice are DISMISSED, Plaintiff has pled sufficient facts to state

---

[5] While Plaintiff did not oppose dismissal of this claim, she did suggest that prevailing on her wrongful termination claim would permit her to recover emotional distress damages. Pl.'s Opp'n, ECF No. 15, at 7.

claims for retaliation and harassment.  Defendants' Motion is thus DENIED to the extent that it seeks a more definite statement of Plaintiff's retaliation and harassment claims, as the FAC is specific enough to put Defendants on notice of those claims.

## CONCLUSION

Defendants' Motion to Dismiss (ECF No. 13) is GRANTED in part and DENIED in part.  Specifically, the Motion is GRANTED to the extent that it seeks dismissal of Plaintiff's NIED claim against all defendants and the UCL claim against Defendants Witt and Prentice.  The Motion is DENIED, however, to the extent that it seeks dismissal or a more definite statement of Plaintiff's retaliation and harassment claims.

Plaintiff's NIED claim is DISMISSED with prejudice.  The UCL claim against Defendants Witt and Prentice is DISMISSED without prejudice.  Not later than twenty (20) days following the date this Order is electronically filed, Plaintiff may, but is not required to, file an amended complaint.  If no amended complaint is filed, the causes of action dismissed by virtue of this Order will be deemed dismissed with prejudice upon no further notice to the parties.

IT IS SO ORDERED.

Dated: July 17, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT